# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **RICK STARR,** <br><br> Plaintiff, <br><br> vs. <br><br> **XPO LOGISTICS FREIGHT, INC.,** <br><br> Defendant. | 4:17CV3012 <br><br> **CONSENT PROTECTIVE ORDER** |

This matter is before the Court on the Motion for Protective Order (Filing No. 27), jointly filed by the parties. The parties agree to the entry of a Consent Protective Order to govern the handling of confidential, proprietary, personal, and private information during discovery and litigation. Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, with the consent of the parties, and for good cause shown, the Court finds the motion should be granted, and hereby issues this Protective Order. Accordingly,

**IT IS ORDERED** that the confidential contents and proprietary nature of all documents, testimony, answers to interrogatories and requests for production or admission and all other information in whatever form produced or given by any person, pursuant to order of this Court or pretrial discovery in this action (hereinafter "Discovery Materials") shall be protected and governed as follows:

1. Any party may designate as confidential any Discovery Materials that are deemed in good faith by that party to embody, reflect, refer to or otherwise disclose: (a) trade secrets, as defined by the laws of the State of Nebraska; (b) information of a confidential or proprietary nature; (c) information regarding current or former employees of Defendant; or (d) information that would cause unreasonable annoyance, embarrassment, or oppression, by either physically marking them as "Confidential" or by separately producing and copying such information and notifying the discovering party in writing of their protected nature. A party may designate any portion of any deposition testimony as "Confidential" at any time prior to or during a deposition. Within ten (10) days of receipt of the transcript for review, the party invoking the "Confidential" designation must identify those portions of the final transcript which will remain protected by

designating as "Confidential" pages of the transcript in a letter to opposing counsel, and shall also inform the court reporter of his/her responsibilities under this Order.

      2. Discovery Materials designated as confidential may only be made available to (a) counsel of record for any party, and the legal associates, clerical or support staff of such counsel assisting in the preparation of this action; (b) a party, or independent experts, or potential experts, or any other person employed or retained by counsel for the purpose of assisting counsel in this action; (c) in the case of a corporate party, the employees of the party; and (d) witnesses, court personnel and court reporters at any proceedings held in connection with this action. Once materials designated as confidential are introduced into evidence, they no longer retain the "Confidential" status unless the Court enters an order to the contrary upon a motion by any party to this action.

      3. Any person receiving Confidential Discovery Materials shall safeguard their confidentiality and shall not reveal or discuss such materials to or with any person or entity not entitled to disclosures herein provided.

      4. Parties wishing any document filed as part of the record under seal must first present a motion and/or consent order regarding said document to the Court in accordance with the rules of the Court. The Clerk of the Court is not authorized to accept for filing any document designated as sealed without an Order from the Court approving specific documents to be filed under seal.

      5. Upon termination of this action, including any appeals thereof, all copies of Confidential Discovery Materials shall be returned to the producing party, except that counsel may retain one copy of all such materials for his/her records.

      6. If any party objects to another's designation of Discovery Materials as confidential, the objecting party shall give counsel for the party making the designation written notice of such objection no later than the close of discovery or within 10 days after receiving the Discovery Materials, whichever is later, stating the reason(s) for the objection. If the parties cannot resolve their dispute, the objecting party will arrange for a telephone conference with the Court, and will proceed further as directed by the Court. The objecting party must arrange for the telephone conference as soon as possible after it is apparent that the parties cannot resolve their dispute, but no later than fourteen (14) days after the objecting party provides written notice of its objection to the "Confidential" designation as noted above.

7. Nothing herein shall affect or restrict the rights of any party with respect to its own documents.

8. By the entry of this Order, the parties shall not be deemed to have waived any objection available to them in response to any discovery request.

9. This Order is without prejudice to the rights of any party to seek its modification or amendment by further order of this Court. The parties have consented to the entry of this Protective Order upon the express condition that they reserve the right to seek relief or supplemental order of this Court if the provisions of this Protective Order would later result in undue burden or expense or would undermine counsels' ability to represent their clients in this case.

**DATED** this 1st day of August, 2017.

BY THE COURT:

s/ Michael D. Nelson  
United States Magistrate Judge